## Garrett's Appeal.

A testatrix bequeathed to a trustee $800, to be put to interest, and to pay the interest yearly to her son during his life; and at his decease the principal sum to be paid to the son's children. Other sums were bequeathed to other trustees, for the use of two daughters and their children; and the remainder of her estate was bequeathed to the said three children, to be equally divided between them. She afterwards took from her son a bond for $640; at the foot of which was written, and signed by the testatrix, that the bond was not to be collected, but is a part of the son's portion. A codicil was afterwards made, stating that the sum of $800 has been given in the will "to the use of my son," and increasing the same to $1000: *Held*, that the bond was an ademption of the *legacy pro tanto*, as to both the son and his children.

APPEAL from the decree of the Orphans' Court of *Chester county*.

George Haines and Walter Hibbard, executors, &c. of Elizabeth Garrett, settled an account of their administration of the estate of the deceased, which was duly confirmed by the Orphans' Court of Chester county. On the 13th of March, 1849, an auditor was appointed to distribute the balance among the persons entitled.

The following extract from the report of the auditor presents all the facts necessary to be known to show how the question in the case arises:—

"Elizabeth Garrett, by her will, dated Jan. 19th, 1844, among other things, bequeathed to Joseph Ashbridge the sum of $800 (which, by a codicil dated Feb. 19th, 1847, was increased to $1000,) in trust, that he put the same to interest on good security, pay the interest thereof yearly to her son, Abraham Garrett, during his life, and, at his decease, the principal sum to his children, in equal shares, &c. She bequeathed to Sharpless Taylor

the sum of $1200 in trust, that he pay the interest thereof yearly to her daughter Sarah during her life, &c.; and she also bequeathed to George Haines, Esq., the sum of $1200 in trust, that he pay the interest thereof yearly to her daughter · Elizabeth during her life, &c., *and all the rest and remainder of her estate* she bequeathed to her three children, Abraham, Sarah, and Elizabeth, to be equally divided between them. After the aforesaid will was made, to wit, on the 9th of June, A. D. 1846, Abraham Garrett gave to Elizabeth Garrett the testator, his bond, conditioned for the payment of $640; at the foot of which are written the following words :—

" This is to certify that this is not to be collected, but is a part of his portion, and stands against him only for that purpose.

(Signed)   "ELIZABETH GARRETT."

" Codicil.—In my will above written, I have given to the use of my son Abraham the sum of $800. Now, it is my will, and I do increase the same to the sum of $1000," (then follow some further changes as to specific legacies,) dated Jan. 19, 1847.

Will proved Feb. 19, 1848.

This bond was appraised to the executors; but, in consequence of the above-mentioned entry of the testator, they were unable to collect it, and, therefore, craved a credit for it in their account, leaving the balance for distribution as above stated.

The question submitted for the judgment of the auditor was, whether the $640, the amount of the bond, are to be considered part of the $1000 bequeathed in trust for Abraham, and deducted therefrom; or, whether the trustee is to receive the legacy over and above that sum.

The auditor deducted the $640, the amount of the bond, from the $1000 bequeathed to Joseph Ashbridge, trustee of the fund for the benefit of Abraham Garrett and children, and reported a distribution, giving only $360 to the said trustee. To the confirmation of this report one of the children excepted. The court, on argument, confirmed the report of the auditor, and decreed distribution in conformity with it. From this decree, Edward B. Garrett and Abby Ann Garrett appealed.

It was excepted, that the court erred in overruling the exception to the report of the auditor and confirming the report,—the auditor having improperly deducted the amount of the bond from the $1000 given in trust to Joseph Ashbridge, and thereby charged the children with the bond of their father, without authority given by the will to do so.

The case was argued by *Lewis*, for appellants.—Whatever may be the case between the testator and Abraham Garrett, as to his

[Garrett's Appeal.]

interest in the legacy of $1000, there is no ademption to affect the children.

2. As to legacies not specific, whether an advancement shall be considered an ademption, is a question of intention: *Roper* 329. And here no intention appears to take the bond out of the trust-fund, much less out of the remainder given to the children.

3. An advancement is never considered an ademption, where it is made anterior to the date of the will: 10 *Watts* 57. Here, the date of the will is that of the *codicil*, which is Jan. 19, 1847: 4 *Barr* 386.

*W. Darlington*, for appellee.—That the bond operated an ademption of the legacy: 2 *Story's Eq.* sec. 1111; *Roper* 257; 1 *P. W.* 681.

A codicil subsequent to the advancement, republishing the will, does not set up a revoked or adeemed legacy: 2 *Freem.* 224; 1 *B. & B.* 298; 2 *R. & M.* 270.

The construction contended for by the appellant would divide the estate unequally among the children—a construction not to be given, if it can be avoided: 2 *Barr* 388, Marshall's Appeal.

The opinion of the court was delivered, Feb. 12, 1851, by

COULTER, J.—The intent of the testatrix is manifest, and must prevail, because it is not forbidden by any rule of law. The bond given to her by Abraham was evidently for money *advanced* to him on account of his legacy, and is, therefore, an ademption *pro tanto*. To leave no room for doubt, she endorses on the bond, "This is to certify that this is not to be collected; but is a part of his portion, and stands against him only for that purpose;" which she signs with her name, and it becomes in fact a part of her will, containing a distinct reference to it, and a declaration that it shall operate as part of it. But it is alleged that the portion or legacy in the will was only to Abraham for his life, and after his death to his children. That is true; but the performance or execution of that part, so far as the amount of the bond is concerned, is rendered impossible by the act of the testatrix herself, and is, therefore, an ademption or repeal of the legacy to the children, *pro tanto*.

But it is alleged also that the codicil fixes the time when the will is to be considered as made; and that, as its date is subsequent to the advancement, it cannot operate as an ademption of what did not exist. But that is a fiction, barren and sterile, so far as this case is concerned. Put the will, the endorsement on the bond, and the codicil together, and they all stand as part of the original will, referring to it and founded upon it, and can stand in no other way. The codicil is, "In my will above written, I have given to the use of my son Abraham $800; now it is my will

and I do increase the same to $1000." This was merely adding $200 to his portion, from which the amount of the bond was to be considered as an advancement.

If the codicil is truly rendered, it shows that the whole was to be Abraham's portion absolutely, and therein concurs with the endorsement on the bond.

As to the other point, of this advancement being an ademption or extinguishment of Abraham's residue, it is not so. It was an ademption of so much of his portion that was certain and definite, and in relation to which it could be applied. The residue was uncertain and of no fixed sum, and whether there would be any sum was not absolute. The testator, therefore, could not have had that in her mind, nor does the law so apply it. The codicil sufficiently indicates what she meant by Abraham's portion.

Decree affirmed.