# Schneider's Appeal.

16   407<br>f39SC³194

A testator devised to his wife during her life or widowhood, the use and possession of all his real and personal estate, with an exception in favor of his unmarried daughters, with respect to whom he provided—" As each of my married daughters have already received one hundred pounds, Pennsylvania currency, on account of their future inheritance (or heritage) without being obliged to pay interest for the same, so it is my will that the rest of my daughters shall also receive one hundred pounds, Pennsylvania currency, on the same account, whenever they marry and should require the money to purchase real estate, without being obliged to pay interest therefor; and besides each of my daughters shall receive at their eventual marriage the same outfit as the others have received before them."

" And as touching the land or real estate, the same shall remain as above said in the possession and enjoyment of my dear wife till her death or remarriage. The right of possession of the whole of my real estate I herewith devise to my two sons, Daniel and Joseph, however they shall not have the immediate possession and use of the same till after the death or remarriage of my wife, to enter upon and divide the real estate as. they may deem it suitable, and they are to pay for the whole of my aforesaid land or real estate the sum of two thousand pounds, Pennsylvania currency, which two thousand

[Schneider's Appeal.]

pounds are to be divided in nine equal shares, and each of my beloved children, namely, Daniel, Joseph, Sarah, Susanna, Esther, Catharine, Hannah, Lydia, and Elizabeth, share and share alike.

"All the remaining goods, namely, the money that arises out of the sale of the house and kitchen furniture, the outstanding money and bank stock, shall after the death or remarriage of my wife be divided in equal shares amongst my nine children: *Held*, that the sons were each entitled to receive £100, so as to make them equal with the daughters, and that the balance of the estate be equally distributed among the sons and daughters.

This was an appeal by Daniel Schneider and Joseph Schneider, from the decree of the Orphans' Court of *Berks county*, distributing the balance of money in the hands of Daniel Schneider, surviving executor of Daniel Schneider, deceased.

The will of Daniel Schneider, deceased, dated 29th October 1816, was proved on the 22d day of March 1817. It is in German.

It provides, *inter alia*—My dear wife Sarah, from the time of my decease until her death, or as long as she remains my widow, shall have the full and undivided possession, usufruct, use, and enjoyment of all my real and personal estate, (although with the following exceptions in consideration of my unmarried daughters) however in the following manner : all the real estate she shall have in possession for the above-named time, and reap the profit thereof in such a way or manner as she herself may think best and most convenient, and of all the movable things which may be found in my dwelling-house and kitchen, she shall have the possession (*in natur*) for life, after a just inventory and appraisement is made of the same. The bank-stock shall remain as it is at my decease, (except the bank should be wound up,) and my said wife at the appointed time shall receive the dividends thereof. The money on hand shall be loaned out on sufficient security, and the interest arising therefrom my said wife shall receive, keep, and enjoy, for the aforementioned time ; the other personal property which does not belong to the house and kitchen furniture shall be sold, and the money arising therefrom shall also be loaned out on sufficient security, and the interest thereof for the aforesaid time shall be received and enjoyed by my said wife. However, as each of my married daughters have already received one hundred pounds, Pennsylvania currency, on account of their future inheritance, (or heritage,) without being obliged to pay interest for the same, so it is my will that the rest of my daughters shall also receive one hundred pounds Pennsylvania currency, on the same account, whenever they marry and should require the money to purchase real estate, without being obliged to pay interest therefor ; and besides each of my daughters shall receive at their eventual marriage the same outfit as the others have received before them.

And as touching the land or real estate, the same shall remain as above said in the possession and enjoyment of my dear wife till her death or remarriage. The right of possession of the whole of

[Schneider's Appeal.]

my real estate I herewith devise to my two sons, Daniel and Joseph; however they shall not have the immediate possession and use of the same till after the death or remarriage of my wife, to enter upon and divide the real estate as they may deem it suitable, and they are to pay for the whole of my aforesaid land or real estate the sum of two thousand pounds, Pennsylvania currency, which two thousand pounds are to be divided in nine equal shares, and each of my beloved children, namely, Daniel, Joseph, Sarah, Susanna, Esther, Catharine, Hannah, Lydia, and Elizabeth, share and share alike; however that within one year after the decease or remarriage of my wife, my daughter Sarah's share shall be paid by my sons Daniel and Joseph, within the following year my daughter Susanna's share, and so on, every year one share according to the age next following of my daughters, till the whole is paid; and in this respect my two aforesaid sons, when they take possession of the aforesaid real estate shall enter into an obligation to secure to each of my daughters their share at the time fixed.

All the remaining goods (the German word is *gueter*) namely, the money that arises out of the sale of the house and kitchen furniture, the outstanding money and bank-stock, shall, after the death or remarriage of my wife, be divided in equal shares amongst my nine children.

In case it should happen after my decease, that my wife should marry again, then she shall receive what she is entitled to by law out of the real estate, and shall be secured to her by my sons.

Sarah, the wife of John De Turk, and Susanna Kissling, widow, severally received their £100 and outfit, in the lifetime of the testator, and Hannah, wife of Peter Hill, Catharine, wife of Benjamin Leinbach, also severally received their outfit. The inventory of the personal estate of the deceased amounted to $5697.11.

After the death of Sarah Schneider, the widow, Daniel Schneider, as surviving executor of Daniel Schneider, deceased, filed his administration account, in which he was charged with the inventory, &c., which account was audited. The auditor, after crediting the accountant with the £100 paid to Benjamin Leinbach and Catharine his wife, £100 paid Peter Hill and Hannah his wife, £100 paid to Joseph Esterly and Lydia his wife, and $208.52 paid for the outfit of Lydia Esterly, and $198.89 paid for the outfit of Elizabeth Young, found a balance due the estate of $2079.75½, out of which the auditor allowed to Elizabeth Young, $266.66½; to *Daniel Schneider* $266.66½; to *Joseph Schneider* $266.66½, &c.; and to Daniel and Joseph Schneider and others $159.97 each.

The legatees other than the two sons Daniel and Joseph filed the following exceptions:—

1. The auditor erred in allotting to Daniel Schneider and Joseph Schneider, one hundred pounds each, under the will of the testator, no direction of the kind being in the will.

2. The auditor erred in not distributing the said two hundred pounds ($533.34) which he allotted in the distribution to Daniel and Joseph Schneider, to all the remaining heirs, distributees, and legatees, in equal proportion, according to the directions of the will.

The court sustained the exceptions, and disallowed the £200 distributed to the sons Daniel and Joseph, and distributed the balance of $2079.75½.

Exception was filed that the court erred in not confirming the distribution made by the auditor, and in not allowing to Daniel Schneider and Joseph each £100 ($266.66½) before distributing the balance in accountant's hands to and among the eight surviving children and legatees.

The case was argued by *Smith*, for appellants.—The sons agree that each of the daughters has a right to an outfit of $200 more than themselves are entitled to, because the testator says they are so to receive, beside or in addition to the £100 directed to be paid them by way of advancement on account of their shares, inheritance, or legacies.

But they also claim to receive each the sum of £100 in like manner as the daughters, before the residue of the assets is equally distributed, because the testator in his lifetime had given several of his daughters £100 by way of advancement, and in order to put all his daughters on an equal footing, directed his other daughters to receive the same sum, *expressly stating, however, that it was to be paid on account of their shares or legacies,* and not as so much over and above what each son was to have.

If the testator had intended to give the daughters £100 more than the sons, he would have said so in plain and appropriate terms. The will in this respect, is plain as regards the outfit.

*Filbert*, contra.—The daughters were to be kept equal by the advancements among themselves. The married ones having already received one hundred pounds as part of their inheritance, the unmarried daughters were to receive the same sum when they came to take husbands, and on the same principle, as part of their inheritance. This was to go towards buying them a house. The sons needed no house; they had this on the farms devised to them.

The daughters for whom these one hundred pounds are claimed are all married.

When the will speaks of an equal distribution among all the nine children, it does so in specified words, enumerating the sources from which the aggregate to make this equal distribution should come. The *sons* are named in this clause, and if the testator had intended them to receive the one hundred pounds along with the

[Schneider's Appeal.]

daughters, it would have been so stated. The naming of some in this clause, necessarily excludes others not named.

The opinion of the court was delivered June 2, by

COULTER, J.—The primary intent of the testator, to wit, that his whole estate, real and personal, shall be equally divided among his nine children, is quite apparent from the whole will. In the clause before the last, he directs that his real estate shall vest in his two sons, Daniel and Joseph, but that they shall not take immediate possession after his death if his wife survives him. But, that after his death, and upon the death of his widow, or her marriage, they shall enter on the real estate and divide it between themselves as they deem suitable. He further provides in the same clause, that his two sons shall pay two thousand pounds, to be divided into nine equal shares, and that each of them, enumerating them by name, including the two sons to whom the real estate is divided, shall have share and share alike. In the next clause he directs that all his goods, money, and outstanding money and bank-stock, after the death or marriage of his wife, shall be equally divided among his nine children; and then directs that if his wife marries, she shall, in that event, receive what she is entitled to by law out of the real estate, which shall be paid to her by his two sons.

Testator had nine children, two of them sons, to whom the real estate is divided, and seven daughters. The clause of the will on which the claim of the daughters is built, occurs in a previous part of the instrument, and is as follows, to wit:—"As each of my married daughters have already received one hundred pounds *on account of their future inheritance*, without being obliged to pay interest for the same, so it is my will that the rest of my daughters shall also receive one hundred pounds on the same account whenever they marry, and should require the money to purchase real estate, without being obliged to pay interest therefor."

This clause is perfectly consistent with the subsequent ones which dispose of his estate in equal shares among his nine children by name. It was a mere advancement to the daughters at the time of their marriages respectively. Although there is no *technical* advancement in cases of testacy, yet, a testator may provide the same equality and equity in his will which is accomplished by the technical advancement in cases of intestacy. Here the testator intended that his daughters should each receive one hundred pounds as they married, in addition to some outfit always given on such occasions, because this one hundred pounds would be useful in providing a present home. But then, as distinctly as language could express it, he provides that this sum was on account, or to be on account of their future inheritance. That is, on account of their equal share of his estate, which he provided in the same will they

[Schneider's Appeal.]

were to receive out of his real and personal estate. But the rivet is clenched by the provision that they shall not be obliged to pay interest for the one hundred pounds; clearly evincing his intent that the principal should be paid in the mode he pointed out, that is, by being accounted for in their future inheritance. And this corresponds and tallies with the two last clauses, directing that his estate shall be divided in equal shares among his nine children.

There is no evidence to justify the averment that the sons were largely preferred. The two thousand pounds may have been, for aught we know, the value of the estate. But if the widow married, they were bound to pay her dower; and in that event would have been so much worse, to that extent, than the girls. But this is no consequence. . We heed not these things, because the intent of the testator, if it be not against law, must be carried out, whether it accords with usage or general or particular feeling. The question before the Orphans' Court was, whether the sons were entitled each to one hundred pounds, so as to be made equal with the daughters who had received that sum before distribution equally among all of them. The court below decreed that they were not, and in that we think they erred. The decree is therefore reversed, and it is ordered and decreed that the sons each receive one hundred pounds, so as to make them equal with the daughters, and that the balance be equally distributed among the sons and daughters. And the record is remitted to the Orphans' Court for the purpose of carrying out this decree.