# Neel's Estate (No 1).

*Will—Advancement—Debts—Equality—Principal and income.*

Where a testator gives to a son the one fifth of the net annual income of his estate, and two months after the making of his will begins to pay money to his son for which he takes the latter's notes, and the will provides that each child's share shall not be liable for any debts which the child had contracted or may contract, and also states that the testator desires equality of distribution among his children, the notes given by the son are to be deemed in the nature of advancements, and are to be repaid out of the net income of the son, and not out of the principal from which the income arises.

Argued Oct. 21, 1903. Appeal, No. 61, Oct. T., 1903, by Thomas S. Neel, from decree of O. C. Washington Co., Feb. T., 1895, No. 18, dismissing petition for citation in case of estate of James Neel. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Petition for citation.

In addition to the facts stated in the opinion of the Supreme Court it appeared that the testator left his estate to trustees to invest and reinvest and to pay the net annual income therefrom, one fifth of two thirds to Thomas S. Neel during the life of the testator's widow, and one fifth of the whole of said income after the death of the widow. After the death of the son the principal out of which the one fifth income arose was given to the son's issue then living.

The court dismissed the petition.

*Error assigned* was the decree of the court.

*W. N. Conrad,* for appellant, cited: Cummings v. Bramhall,

120 Mass. 552; Treadwell v. Cordis, 71 Mass. 341; Hite v. Hite, 19 L. R. A. 173; Park's Est., 173 Pa. 190.

*Edwin W. Smith, Jr.,* with him *Reed, Smith, Shaw & Beal,* for appellee, cited: Firman's Est., 2 Pa. Dist. Rep. 261; High's Appeal, 21 Pa. 283; Roland v. Schrack, 29 Pa. 125; Jones's Estate, 29 P. L. J. 89.

OPINION BY MR. JUSTICE POTTER, January 4, 1904:

James Neel died on the 24th day of July, 1892, having made his last will and testament on March 20, 1890. After making his will, he paid to his son Thomas S. Neel, who was one of the legatees, sums of money aggregating $4,100, and the son gave to his father notes for these amounts. After the death of his father, Thomas S. Neel asserted that these sums of money were gifts to him, for which he was not liable to the estate. The orphans' court of Washington county held that they were to be considered as advancements, but did not at that time decide whether they were to be deducted from the income payable to Thomas S. Neel, or from the corpus from which the income arose, the remainder of which was in his children. The trustees of the estate deducted the amount by degrees from the annual income, and the whole amount was thus paid. The petition in the present proceeding was filed, asking that the amount should be charged against the corpus and not against the income.

The court below, after referring to its former opinion, holding that the testator intended that the various sums advanced to Thomas S. Neel should, if not repaid in his lifetime, be charged against the portion of the estate given in the will to Thomas S. Neel, and saying that he had not used the word advancement in its strict technical sense, goes on to say:

" For a moment let us now consider the act of James Neel in giving to his son, Thomas S. Neel, the various sums of money that went to make up the $4,100. What he then did, created either a debt, constituted a gift inter vivos, or was an advancement subsequent to the time he made his will which was probated. The will, made only two months before the first money was given to the son as it never was revoked or changed, and was probated as his last will and testament, should be presumed

to express what his intention to his children was at the time that this money was given to the petitioner. In it he provides that each child's share should not be liable for any debts which he had contracted or may contract, yet he takes from the petitioner a note and apparently created a debt. He also says in his will, in effect, that he desires equality of distribution among his children. Could he then have intended this note to be an evidence of debt that his executors could not collect, and thus turn it into what would be equivalent to an absolute gift, thus making the petitioner's portion in his father's estate $4,100 more than the others? We think the testimony of Mr. Herron submitted in the former citation, and the presumptions that arise from all the facts in the case, show that James Neel when he gave his son these several sums of money, did not intend that his executors should collect these notes as debts of his estate, nor did he intend to make an absolute gift to his son. If, then, he did not intend to create a debt that could be collected by his executors, and did not intend to make a gift inter vivos, he must have intended to make an advancement on the portion of his estate that in his will he had provided should go to Thomas Neel, which was the one fifth of the net annual income of his estate."

While as suggested by the learned judge of the orphan's court, these payments were not technically advancements, yet we agree that they should be repaid to the estate by Thomas S. Neel out of his interest in the estate, and should not be charged against the interest of his children. Nor do we see any error in the conclusion that the clause in the will exempting the share of Thomas S. Neel from debts and liabilities does not apply to his obligation to his father at the time of his death. It is not necessary to extend this provision so far as to absolve the son from repayment of the moneys paid to him by his father after the making of the will. It is sufficient that the clause protect the son from the claims of strangers.

The assignments of error are overruled, and the decree is affirmed, at the cost of the appellant.