# Lefever's Estate.

*Wills—Devise—Legacy—Advancement—Ademption—Codicil.*

1. Although there is no technical advancement in cases of testacy yet a testator may provide the same equality and equity in his will which is accomplished by the technical advancement in cases of intestacy.

2. The conveyance of land by a father to a son at a stated valuation at the same time that a codicil bequeathing to the son a legacy of like amount, is executed, and without payment of any consideration whatever for the land, gives rise to the presumption that the advancement

was intended as an ademption of the legacy; and if the son admits that the advancement was intended as an ademption, the court will so decree in distributing the estate.

3. Where there is nothing on the face of the will, and no proof of an intention to give a double portion, an advancement will be deemed a satisfaction, or an ademption of the legacy.

Argued Nov. 13, 1908. Appeal, No. 179, Oct. T., 1908, by Mary Lefever et al., from decree of O. C. Lancaster Co., March Term, 1907, No. 9, dismissing exceptions to adjudication in Estate of John Lefever, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Exceptions to adjudication.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing exceptions to adjudication.

*H. R. Fulton*, with him *H. M. Houser*, for appellants.—The first taker under the will is presumed to be the favorite of the testator, and in doubtful cases the construction leans in favor of making the gift to him as effectual as possible: Middleswarth v. Collins, 1 Phila. 139; Grim's Appeal, 89 Pa. 333; Mickley's App., 92 Pa. 514; Oller v. Bonebrake, 65 Pa. 338.

If there be nothing on the face of the will and no circumstances in proof to indicate an intention to give a double portion, the advancement will be a satisfaction or ademption of the legacy: Swoope's App., 27 Pa. 58; Miner v. Atherton, 35 Pa. 528; Garrett's App., 15 Pa. 212; Alsop's App., 9 Pa. 374; Hoke v. Herman, 21 Pa. 301; Weaver's App., 63 Pa. 309; Schneider's App., 16 Pa. 407.

*W. H. Kready* with him *F. B. Donisthorpe* for appellee.—The testator conveyed in his lifetime the farm of 160 acres in Nebraska to his son Daniel D. Lefever for a consideration of $4,000, equal to the full value of the land, and, therefore, we must assume the transaction to be a sale for a valuable consid-

eration: Miller's Appeal, 107 Pa. 221; Greenfield's Est., 14 Pa. 489; Campbell v. Brown, 183 Pa. 112.

OPINION BY PORTER, J., April 19, 1909:

The learned judge of the court below was undoubtedly right in holding that Mary Lefever, the widow, was under the provisions of the will, entitled to the income, during her life, of one-third of the net proceeds of the estate of the testator not otherwise disposed of by the will. The fund for distribution amounted to $7,099.85. The sum of $1,131.40 was distributed to claims against the estate and the payment of specific legacies, and no objection is made to this part of the distribution. This left for distribution the sum of $5,968.45. The court below, in proceeding to ascertain the amount to be decreed to the widow during her lifetime, deducted a legacy of $4,000 bequeathed by the will to Daniel D. Lefever, from the amount for distribution; leaving the sum of $1,968.45. One-third of this amount, or $656.15, was decreed to the People's Trust Company, trustee of Mary Lefever. The only question raised by the specifications of error goes to the correctness of this action of the court in deducting the amount of $4,000 as a legacy to Daniel D. Lefever, from the fund in the hands of the executor for distribution, before ascertaining the amount of the one-third of the fund to which the widow was entitled during life. The court below held that this $4,000 was disposed of by the will and must be deducted from the fund, under the terms of the bequest to the widow; who was entitled, only, to the one-third of the income of the net proceeds of the estate not otherwise disposed of. Should this sum of $4,000 have been deducted from the actual amount for distribution before ascertaining the interest of the widow in the fund, under the provisions of the will and the undisputed facts in the case?

The will of John Lefever was dated October 6, 1902, and contained this devise: "I give, devise and bequeath the southeast quarter of Section 31, Township 6, Range 2, containing one hundred and sixty acres, to my son Daniel D. Lefever and to his heirs and assigns forever. If, however, I execute a deed to him, a deed for said land in my lifetime then I direct that the value

thereof of four thousand dollars ($4,000) either charged against him or a mortgage taken for the same, be cancelled; and I do hereby give and bequeath unto him, the said Daniel D., the said sum of four thousand dollars charged for said land." The testator, on October 16, 1903, executed a codicil to the said will which contained the following material provision: "And whereas, in my last will I did give, devise and bequeath the southeast quarter of Section 31, Town 6, Range 2, containing one hundred and sixty acres, to my son Daniel D. Lefever, and whereas I have since conveyed the same to him by deed of this date for a consideration of $4,000.00, I now give and bequeath the said sum of $4,000.00 to him, my said son Daniel D. Lefever." Daniel D. Lefever presented his petition to the court below averring that the quarter section of land aforesaid had been conveyed to him for the consideration of $4,000, as mentioned in the will and codicil, that he never paid his father, the testator, the said sum of $4,000 in his lifetime, "but that his understanding was that it was in the nature of an advancement to him to be accounted for in the settlement of his father's estate." The court below in ascertaining the interest of the widow deducted this $4,000 legacy from the fund for distribution, paying no attention to the solemn admission of Daniel D. Lefever that a like sum of $4,000 was to be charged against him in the settlement of the estate. Yet when the court came to distribute the other two-thirds of the fund, to Daniel D. Lefever and the other parties thereto entitled under the provisions of the will, Daniel D. Lefever, while still credited with the legacy of $4,000, was charged, inter alia, with $4,000 as an advancement, because of the admission in his petition that he had never paid the consideration for the land and that his understanding had been that it was to be by him accounted for in the settlement of his father's estate. This was in effect holding that the widow was to be dealt with as if Daniel D. Lefever were to be paid a legacy of $4,000 out of the fund for distribution, while at the same time holding that Daniel D. Lefever was not entitled to be paid this legacy out of the fund, upon the ground that the legacy had been adeemed, or its payment anticipated by the testator during his lifetime. The result was that, although the widow was deprived

of any share in this $4,000, that amount was distributed to the parties who were entitled to the other two-thirds of the "net proceeds of the estate," and not to the payment of the $4,000 legacy to Daniel D. Lefever.

The devise, in the will, of the tract of land to Daniel D. Lefever, very clearly expressed the intention of the testator as to what should be done in case he, the testator, during his lifetime made a deed for the land to Daniel. He directed that the value of the land, which he fixed at $4,000, either charged against Daniel or a mortgage taken for the same, be canceled; and out of abundance of caution he added, "and I do hereby give and bequeath unto him, the said Daniel D., the said sum of four thousand dollars charged for said land." The intention here clearly expressed was that, in case he conveyed the land to Daniel, the latter should not be charged with the value thereof either as an advancement or a debt. The concluding clause did not constitute an independent general legacy of $4,000; it was manifestly intended as a cancellation of any charge against Daniel for the value of the land and a bequest of any amount which Daniel might owe, whether evidenced by mortgage or otherwise, on account of any conveyance of the tract made by the testator during his lifetime. The codicil recited that the testator had done that which his will made clear that he had contemplated doing, conveyed the land to Daniel, for a consideration of $4,000. It is important to observe that the codicil does not state that Daniel had paid the $4,000. The concluding sentence in the codicil: "I now give and bequeath the said sum of $4,000.00 to my said son Daniel D. Lefever," is to be construed in the light of this fact, as well as of the language of the will, to which the codicil expressly refers. "The said sum of $4,000.00" refers and can only refer, to the consideration mentioned in the conveyance, and is not a bequest of a general legacy of $4,000. It is reaffirmance of the purpose declared by the testator in his original will, that the valuation of the farm, $4,000, should not be charged against Daniel, either as an advancement or a debt. This was a bequest to Daniel of the consideration for the farm. But even if it were held that this was a general legacy of $4,000 to Daniel, still Daniel was not entitled to be paid this

sum out of the fund for distribution. The codicil was executed, as the testator declares, upon the same day he executed the deed conveying the land to Daniel for a consideration of $4,000. The execution of the deed and of this codicil were contemporaneous. The consideration mentioned in the deed was the same in amount as the supposed legacy. The consideration was not paid, this Daniel D. Lefever candidly admits and asserts that his understanding was that he was to account for the consideration in the settlement of his father's estate. Although there is no technical advancement in cases of testacy, yet a testator may provide the same equality and equity in his will which is accomplished by the technical advancement in cases of intestacy: Schneider's Appeal, 16 Pa. 407. The conveyance of the land at the valuation of $4,000, at the same time that the codicil bequeathing a legacy of like amount was executed, and without payment of any consideration whatever, gave rise to the presumption that the advancement was intended as an ademption of the legacy. This was a presumption that might be rebutted or confirmed by parol evidence of a different intention by the testator: Miner v. Atherton's Executor, 35 Pa. 528. Where there is nothing on the face of the will and no proof of an intention to give a double portion, an advancement will be a satisfaction or an ademption, of the legacy: Garrett's Appeal, 15 Pa. 212; Hoke v. Herman, 21 Pa. 301; Swoope's Appeal, 27 Pa. 58. There was in this case no conflict of evidence as to the intention of the testator to give a double portion; Daniel D. Lefever admitted not only that the consideration for the tract of land had not been paid but that his understanding was that it was to be charged against him in the settlement of the estate. This was an ademption of so much of his portion as was certain and definite, and in relation to which it could be applied. We are, therefore, constrained to hold that the general pecuniary legacy of $4,000 to Daniel D. Lefever, even if there was such a legacy, had been satisfied and adeemed, and that no part of the fund for distribution should have been thereto applied. There should, therefore, be decreed to the trustee for the widow, for her use during life, the one-third of $5,968.45. This will necessarily cut down the amount to be distributed to the other legatees. When it comes to the

distribution of the other two-thirds, the basis heretofore adopted by the court below will reach the correct result, but the amount to which each of the distributees will be entitled must necessarily be decreased. If Daniel D. Lefever is still credited by the amount of the legacy of $4,000 he would still have to be charged with advancements to the amount of $4,300; but if the credit of $4,000 for the legacy is omitted, then the amount of the advancements to him would have to be correspondingly reduced. In the former distribution the court gave him credit for the $4,000 legacy, but it also charged him with the amount of the unpaid consideration for the farm, which worked the ademption of the legacy and was of equal amount, as the one exactly counterbalanced the other the result arrived at, as between him and the other distributees of the two-thirds remaining after the deduction of the interest of the widow, was the same as if neither the legacy nor the consideration money for the farm had been included.

The decree is reversed and the record is remitted to the court below with direction to make distribution in accordance with the foregoing opinion.