## Knoppel's Estate.

*Wills—Construction—Advancements distinguished from debts.*

1. Where the testator expressly provides that in the settlement of his estate his executors shall deduct from the respective shares bequeathed to his children all moneys advanced them by him during his lifetime, and clearly shows an intent to create equality among his children, money advanced to a child for which the child gave him a judgment note is to be treated as an advancement, and not as a debt.

*Decedents' estates—Assignments of distributive shares—Reassignment to distributee subject to payment of debt due reassignor.*

2. Where the assignee of a distributive share, assigned as collateral, reassigns such share to his assignor subject to the payment of the balance of the debt still due and unpaid, such payment is a condition imposed upon the distributee, and he takes the benefits of the reassignment *cum onere;* in such case, no presumption of payment arises from the fact that the reassignment was made more than twenty-one years before the audit of the executor's account.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1899, No. 692.

Testator died Nov. 9, 1890, leaving a will dated Dec. 17, 1889, duly admitted to probate. Frederick W. Knoppel, one of his sons, was paid by the testator $2988, for which sum he gave him his judgment note dated Oct. 10, 1890, payable one year after date. Other facts appear in the opinion of the court.

*Horace M. Rumsey*, for exceptions.

*Lewis, Adler & Laws* and *Theodore F. Jenkins*, contra.

GUMMEY, J., March 7, 1922.—Two sets of exceptions are before us. We will consider first those filed on behalf of Adeline A. Bahl and Frederick W. Knoppel, Jr., which relate to the action of the auditing judge in treating as an advancement, and not as a debt, the sum of $2988, given by the testator to Frederick W. Knoppel (father of the exceptants), and represented by the latter's judgment note.

Advancements are confined to cases of intestacy only, unless an intention to treat the gift as an advancement is clearly shown by the will (Porter's Appeal, 94 Pa. 332), or by necessary implication (Eichelberger's Estate,

1 D. & C.

135 Pa. 160, 170), aided, if necessary, by the surrounding circumstances of the testator, such as the amount and character of his property, the status of his family relations, etc. See Elwart's Estate, 52 Pa. Superior Ct. 321, and cases cited, including those referred to in the opinion of the court below. In the present instance the will of the testator expressly provides that in the settlement of his estate his executors shall deduct from the respective shares bequeathed to his children all moneys advanced by him to them during his lifetime; and his desire and intention to create equality among all his children is clearly shown, not only by the provision relating to advancements, but also by the gift of the sum of $1000 to certain of his children, to be paid them upon the day following their respective marriages or their arrival at the age of twenty-one years, in order, as he says, to equalize them with those of his children who had received like sums at the time of their respective marriages.

The auditing judge, aided by the evidence as to the surrounding circumstances of the testator and the financial condition of his son, Frederick W. Knoppel, found that the judgment note under consideration was to be treated as an advancement, and we are not disposed to disturb his finding. Neel's Estate, 207 Pa. 443, has points of similarity. There the testator's will antedated the payments to his son, who gave notes to secure them, and in holding that the notes were to be treated as advancements, the court laid stress upon the fact that the will showed that the testator desired equality of distribution among his children.

In Patterson's Appeal, 128 Pa. 269, Mr. Justice Williams says (page 281): "As between a loan, a gift and an advancement, the presumption is in favor of an advancement, because of its tendency to equality." And in Schneider's Appeal, 16 Pa. 407, the testator's intention to treat gifts as advancements was gathered from the will, although he did not use technical words or phrases in which to express his intention.

Brahm's Estate, 269 Pa. 82, urged upon us by counsel for the exceptants, was a case of intestacy, and it was necessary to gather the intention of the decedent from the evidence, unaided by a will; and the finding by the court in O'Connor v. Flick, 271 Pa. 249, also cited by counsel for the exceptant, must be read in the light of the particular facts.

The exceptions filed on behalf of Adeline A. Bahl and Frederick W. Knoppel, Jr., are dismissed.

Clara A. Knoppel also filed exceptions. They relate to the action of the auditing judge in charging the share passing to the estate of Charles T. Knoppel, deceased, with the sum of $1000, under the following circumstances:

By deed of assignment dated Feb. 18, 1897, duly recorded, Charles T. Knoppel and wife and William A. Knoppel and wife assigned their interests in the estate of the decedent, Frederick Knoppel, to the latter's widow, Lena Knoppel, her heirs and assigns; the said Lena Knoppel, by assignment bearing even date therewith, assigned to John H. Ringe, Jr., so much of her right, title and interest in the shares of the said Charles T. Knoppel and William A. Knoppel in the estate of Frederick Knoppel, deceased, as should equal in value on the settlement of the estate of Frederick Knoppel, deceased, the sum of $1192.02, without interest, in trust to pay certain creditors of the said Charles T. Knoppel and William A. Knoppel.

Lena Knoppel died Aug. 5, 1910; Charles T. Knoppel died June 19, 1907, intestate, leaving to survive him a widow, Clara A. Knoppel, to whom letters of administration on his estate were granted July 11, 1907. William A. Knoppel is still living.

Knoppel's Estate.

At the audit there was admitted in evidence a deed from Lena Knoppel to Charles T. Knoppel and William A. Knoppel, dated Feb. 24, 1898, duly acknowledged but not recorded, by which she reassigned to them their interests in the estate of Frederick Knoppel, deceased, subject to the payment of $2000 due her; the purpose of the offer being to enable William A. Knoppel and the estate of Charles T. Knoppel to receive their distributive shares of the estate, less their indebtedness of $2000 to the estate of Lena Knoppel, deceased. The auditing judge charged $1000 of the indebtedness against the distributive share of William A. Knoppel and $1000 against the distributive share of the estate of Charles T. Knoppel, deceased, and this latter charge forms the basis of the exceptions; the argument on behalf of the exceptant being to the effect that as the deed of reassignment was dated Feb. 24, 1898, that is, more than twenty years before the date of the audit, there arises a presumption of payment which was not overcome by evidence, and that, therefore, the estate of Charles T. Knoppel, deceased, is entitled to receive its distributive share of the testator's estate undiminished by the charge of $1000 imposed upon it by the auditing judge.

In reaching our conclusion we have not considered the effect of an alleged admission of non-payment made at the audit by counsel (which was the subject of the first exception), as no such admission appears in the stenographer's transcript. We are, therefore, relegated to the documentary evidence; and, basing our opinion upon the terms of the assignment to Lena Knoppel and the reassignment by her to Charles T. and William A. Knoppel, we have reached the conclusion that this is not a case for the application of the rule invoked. It is to be taken for granted that, at the time of the reassignment to Charles T. and William A. Knoppel, they were not in funds to pay the balance of their obligations to their mother or they would have done so; and it is a reasonable assumption that it was anticipated that payment would be postponed until they came into possession of their estates in remainder through the death of their mother, the life-tenant; and this event did not happen until Aug. 5, 1910. But, apart from this, when the transaction is considered as a whole, it is one to which the language of Mr. Justice Strong in Moss's Appeal, 43 Pa. 23, seems particularly applicable. He says (page 35) : "Now, are there any cases to be found in which a chancellor was moved to decree specific performance in favor of a covenantee, where he had not complied with his engagements, but had remained quiescent until he had been discharged by lapse of time? Was ever such a foundation for an equity successfully set up? No such authority has been shown to us, and I know of none. I cannot see what equity such a covenantee can have. An equity in a party which grows out of his own default or laches is certainly a rarity."

These sons, being indebted to their mother, conveyed to her their interests in their father's estate by a conveyance absolute on its face and duly recorded, but which, from the subsequent acts of the parties, appears to have been as collateral security for their indebtedness to her, for she immediately afterwards assigned so much of the interest which she thus acquired as might be necessary to pay certain creditors of the grantors, and then, later, realizing that, in the event of her death, the record title of the transaction was such that Charles T. and William A. Knoppel might be deprived of their inheritance, she reconveyed to them the same interests in their father's estate which they had previously conveyed to her, for a consideration of one dollar, subject to the deed of trust for the benefit of their creditors, "and also subject to the payment to the said Lena Knoppel, her executors, administrators and assigns, of the said balance of $2000 still due and unpaid."

1 D. & C.

Knoppel's Estate.

The case has many points of similarity with the facts in Miller's Estate, 25 Dist. R. 777, and is to be distinguished from those cases in which a suit is brought on an obligation to enforce a lien, of which Hayes's Appeal, 113 Pa. 380, is an illustration. The executors of Lena Knoppel are not suing upon an obligation; all they are asking is the performance of the condition imposed upon Charles T. and William A. Knoppel by the deed of reconveyance under which they now claim. If they desire the benefits conferred by the deed, they must accept them *cum onere*. See Blood *v.* Crew Levick Co., 171 Pa. 328, 335; Bonebrake *v.* Summers, 193 Pa. 22; Rohn *v.* Odenwelder, 162 Pa. 346, 352; Fritz *v.* Menges, 179 Pa. 122.

The exceptions filed on behalf of Clara A. Knoppel are dismissed, except the first exception, which, in so far as it relates to an admission by counsel, is sustained, and the adjudication is confirmed absolutely.